UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GENENTECH, INC. ) | Case No.: 10-CV-02037-LHK |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | ORDER DENYING MOTION TO |
| THE TRUSTEES OF THE UNIVERSITY OF ) | STRIKE, GRANTING CURATIVE |
| PENNSYLVANIA, A PENNSYLVANIA NON- ) | MEASURES |
| PROFIT CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

In this patent infringement case, Plaintiff Genentech, Inc. (Genentech) seeks a declaratory judgment of non-infringement and invalidity against Defendant Trustees of the University of Pennsylvania (U Penn). *See* Dkt, No. 1 (Complaint). Before the Court is U Penn's Motion to Strike Claim Construction Extrinsic Evidence Not Disclosed as Required by Patent Local Rule 4-3(b). Dkt. No. 126 (Motion to Strike). On January 7, 2011, the parties submitted a Joint Claim Construction Statement, listing all extrinsic evidence they intended to use during claim construction. Dkt. No. 74 (JCCS, corrected January 11, 2011 as Dkt. No. 77). The parties filed expert declarations the same day. Dkt. Nos. 75 (Cote Decl.) and 76 (Schlissel Decl.). U Penn contends that Genentech inappropriately introduced new evidence on February 25, 2011, the same day Genentech filed their Responsive Claim Construction Brief. Mot. at 1. *See* Dkt. No. 123, Exs.

1

5, 9-21 (Ramani Decl., each contested exhibit is an extrinsic documentary reference suggesting that ductal carcinoma *in situ* (DCIS) is cancer); Dkt No. 124 (Cote Supl. Decl., responding to the Schlissel Decl. examples of non-cancerous breast cells found outside the breast).[1]

U Penn argues that the untimely disclosures are unjustified and prejudicial. U Penn does not contend that it took positions in its February 11, 2011 opening claim construction brief that it would not otherwise have taken if it had known of Genentech's untimely evidence. Instead, U Penn asserted at a hearing on this Motion on March 3, 2011 that had it known of Genentech's untimely evidence, it would have presented its arguments differently. U Penn moves the Court to strike the untimely evidence. Mot. at 1. At the hearing, U Penn requested, in the alternative, that it be granted additional time to file its Reply Claim Construction Brief, additional pages in its Reply Claim Construction Brief, and the right to introduce new rebuttal documentary evidence on a rolling basis up to the Claim Construction Hearing. U Penn explicitly disclaimed any interest in conducting a supplemental deposition of Genentech's expert, Dr. Cote.

Genentech argues that its late disclosures rebut U Penn's own late disclosures, and are therefore justified. Regarding the supplemental Dr. Cote declaration, Genentech argues that U Penn did not provide advance notice that the January 7, 2011 declaration of U Penn's expert, Dr. Schlissel, would discuss examples of non-cancerous breast cells outside the breast, such that Genentech had no opportunity to rebut this position in its own disclosures the same day. *See* Dkt. No. 129 at 3-4 (Opp'n). On January 12, 2011, Genentech sent U Penn a letter stating that its expert, Dr. Cote, would be prepared to discuss these examples at his February 1, 2011 deposition. However, U Penn did not ask Dr. Cote about the examples at his deposition. On February 25, 2011, Genentech filed a supplemental Dr. Cote declaration addressing the Dr. Schlissel declaration examples. It is unclear why Genentech waited until February 25, 2011, two weeks after U Penn filed its opening claim construction brief, to supplement Dr. Cote's declaration if Genentech knew

---

[1] The fourteen exhibits U Penn seeks to exclude are: (1) Oxford English Dictionary definition of carcinoma, (2) Johns Hopkins website on DCIS, (3) Mayo Clinic website on DCIS, (4) American Cancer Society website on DCIS, (5) Potter scientific article on DCIS, (6) Swain medical review on DCIS, (7) Liu scientific article on DCIS, (8) Posner medical review on DCIS, (9) Lange article on DCIS, (10) U Penn promotional brochure, (11) U Penn educational brochure, (12) U Penn educational brochure, (13) Czerniecki scientific article on DCIS, and (14) Czerniecki scientific article on DCIS.

2
Case No.: 10-CV-02037-LHK
ORDER DENYING MOTION TO STRIKE, GRANTING CURATIVE MEASURES

as of sometime between January 7 and January 12, 2011 that Dr. Cote would respond to Dr. Schlissel's declaration.

Regarding the DCIS references, Genentech argued at the hearing on this Motion that it was forced to untimely disclose new DCIS references because U Penn did not confirm U Penn's position that DCIS is *not* cancer until its February 16, 2011 service of infringement contentions. However, Genentech also argues that it disclosed its intention to argue that DCIS is cancer on December 28, 2010, and included this opinion in its January 7, 2011 Joint Claim Construction Statement.  If Genentech knew that it would argue that DCIS is cancer as early as December 28, 2010, then it is unclear why Genentech would not have sought and disclosed the disputed references supporting such contention by the January 7, 2011 disclosure deadline.  Moreover, it is unclear why Genentech waited until February 25 to disclose references that Genentech found before that date.  On the other hand, the Court recognizes that Genentech used three of the fourteen disputed references during the February 8, 2011 deposition of U Penn's expert, Dr. Schlissel, and that another three of the fourteen disputed references are U Penn brochures.

Nonetheless, the Court recognizes that there is some prejudice to U Penn who filed its opening claim construction brief without the benefit of all of Genentech's references and expert declarations.  Furthermore, the litigation of Genentech's untimely disclosures has distracted U Penn from preparing its claim construction reply brief.  However, the Court finds that in this case, the prejudice is curable and does not justify exclusion.  Justice is best served when issues are decided on the merits. *See Martinez v. Stanford,* 323 F.3d 1178, 1182 (9th Cir. 2003) (reversing summary judgment which was issued not on the merits, but based upon violation of the Southern District of California's Civil Local Rules).  The Court concludes that the measures set forth below cure any prejudice to U Penn stemming from Genentech's late disclosures.

Having considered the parties' submissions and arguments, and as stated at the March 3, 2011 hearing, the Court DENIES U Penn's Motion to Strike, but GRANTS U Penn until March 15, 2011 to file its claim construction reply brief (an extension of 11 days from the original due date of March 4, 2011).  In addition, U Penn is granted two additional pages to respond to Genentech's

3

Case No.: 10-CV-02037-LHK
ORDER DENYING MOTION TO STRIKE, GRANTING CURATIVE MEASURES

new evidence in its Reply claim construction brief, for a total of 22 pages.[2]  Finally, U Penn is granted leave to introduce new rebuttal documentary evidence up to and including March 15, 2011. The additional evidence must be promptly disclosed to Genentech on a rolling basis and must rebut Genentech's untimely-disclosed evidence.

**IT IS SO ORDERED.**

Dated: March 10, 2011

_____
LUCY H. KOH
United States District Judge

---

[2] On February 1, 2011, the Court extended the page limits for claim construction briefing such that U Penn had 20 pages rather than 15 pages for its Reply brief.  *See* Dkt. No. 88.