UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GENENTECH, INC.,<br><br>      Plaintiff,<br>  v.<br><br>THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, a Pennsylvania non-profit corporation,<br><br>      Defendant. | Case No.: 10-CV-02037-LHK<br><br>ORDER DENYING ADDITIONAL MOTIONS TO SEAL |

The Court granted-in-part Genentech's initial Administrative Motion to Seal in relation to its Motion for Leave to file a First Amended Complaint based on U Penn's representation that the deposition testimony and documents cited and attached contained highly confidential information. *See* Dkt. No. 135. Having reviewed the documents cited in the course of preparing its Order on Genentech's Motion for Leave to file a First Amended Complaint, the Court is no longer persuaded that these documents contain properly sealable information. Specifically, U Penn seeks to seal:

  Deposition testimony by the named inventors of the '752 Patent relating to experiments referenced in the '752 Patent and to other publications;

  Data from the labs of the named inventors of the '752 Patent which are related to or possibly the basis of the invention claimed in the '752 Patent, and which were derived from experiments conducted in the early 1990s;

1

Case No.: 10-CV-02037-LHK
ORDER DENYING ADDITIONAL MOTIONS TO SEAL

Deposition testimony by the prosecuting attorneys who worked on the '752 Patent prosecution relating to matters of public record (such as the fact that different attorneys worked on the prosecution on behalf of U Penn, events that took place during the '752 Patent prosecution, etc.).

A document is not automatically sealable simply because it is non-public. If the document contains information that has become public otherwise, or if the document does not contain information that is "privileged or protectable as a trade secret or otherwise entitled to protection under the law," it is not sealable. Submission of non-meritorious sealing requests burdens the Court and deprives the public of information about this case. The parties are encouraged to carefully scrutinize requests to seal information before submission. If it appears that a sealing request has not been "narrowly tailored," in accordance with Civil Local Rule 79-5, the Court will simply deny the request. Furthermore, the Court would appreciate if both parties would indicate proposed redactions with highlighting (so that proposed redacted text is visible) rather than with marks completely obscuring the text. This will aid the Court's review of proposed redactions.

The Court has found that the information previously designated as sealable by U Penn and cited in the Court's Order on Genentech's Motion for Leave to Amend is not properly sealable, and therefore issues its Order without redactions. If U Penn believes that it can adequately support a motion to seal any of the documents submitted in support of the Motion for Leave to Amend, it shall file a new and narrowly-tailored request to seal with proposed redactions highlighted. U Penn shall submit this information **within one week of the date of this Order.** If no response is submitted, none of the information previously submitted for sealing will be sealed, and the parties shall file non-redacted versions of the relevant filings.

**IT IS SO ORDERED.**

Dated: May 20, 2011

LUCY H. KOH
United States District Judge

2

Case No.: 10-CV-02037-LHK
ORDER DENYING ADDITIONAL MOTIONS TO SEAL