1
2
3
4
5
6
7
8
9
10

**United States District Court**
For the Northern District of California

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| GENENTECH, INC., | ) | Case No.: C 10-02037 LHK (PSG) |
| Plaintiff, | ) | **ORDER GRANTING DEFENDANT'S** |
| v. | ) | **MOTION TO COMPEL AND** |
| | ) | **DENYING PLAINTIFF'S MOTION** |
| THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, | ) | **FOR A PROTECTIVE ORDER** |
| | ) | **(Re: Docket Nos. 258 and 256)** |
| Defendant. | ) | |

Defendant The Trustees of the University of Pennsylvania ("Penn") has subpoenaed the depositions of three scientists employed by Plaintiff Genentech, Inc. ("Genentech"). These depositions are scheduled for June 15, 2011, June 22, 2011, and July 8, 2011. Genentech has moved for a protective order delaying the depositions of these scientists until Penn has supplemented its response to Genentech's interrogatory no. 11 and its infringement contentions, a production which is the subject of another motion to compel scheduled to be heard on July 12, 2011. Penn moves to compel these depositions to occur as scheduled.

Pursuant to Fed. R. Civ. P. 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." The court, however, may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[1]

---

[1] Fed. R. Civ. P. 26(c).

1  Unless the court orders otherwise for the parties' and witnesses' convenience and in the interests of

2  justice, methods of discovery may be used in any sequence, and discovery by one party does not

3  require any other party to delay its discovery.[2]

4        Genentech requests a protective order to delay the depositions in the interests of justice to

5  sanction Penn for its delayed production of supplemented infringement contentions.  Genentech

6  also argues that delaying the depositions until Penn supplements its infringement contentions

7  would avoid burdensome depositions on irrelevant subjects and allow Genentech time to formulate

8  its defenses before expert reports are due.  Genentech finally argues that it should not be denied the

9  opportunity to prepare its witnesses with Penn's further contentions in hand.

10        Penn responds that Genentech provided no reason why the infringement contentions are

11  necessary for fact depositions.  Penn also states that it has agreed to give reasonable supplemental

12  information by the end of the month.

13        "The Court does not look favorably upon a 'tit-for-tat' approach to discovery.  A party may

14  not withhold relevant discovery simply on the basis that the other side has not been forthcoming

15  with discovery."[3]  "A party may not excuse its failure to comply with discovery obligations by

16  claiming that its opposing party is similarly delinquent.  Nor may a party condition its compliance

17  with its discovery obligations on receiving discovery from its opponent."[4]  Accordingly, Genentech

18  may not condition is compliance with the deposition subpoenas on Penn's first producing a

19  supplement to its infringement contentions.

20        Additionally, infringement contentions are not a precondition to fact discovery.  To the

21  contrary, the local patent rules and Rule 26 collectively allow for a period of 35 days where

22  discovery is permitted without any infringement contentions having been served.[5]  Here, Penn has

---

[2] *See* Fed. R. Civ. P. 26(d).

[3] *Richardson v. City of Antioch*, No. C-08-3470 JSW (EMC), 2009 WL 982118, at *1 (N.D. Cal. Apr. 13, 2009).

[4] *Fresenius Med. Care Holding Inc. v. Baxter Int'l., Inc.*, 224 F.R.D. 644, 653 (N.D. Cal. 2004).

[5] Patent Local Rule 3-1 requires that "[n]ot later than 14 days after the Initial Case Management Conference, a party claiming patent infringement shall serve on all parties a 'Disclosure of Asserted Claims and Infringement Contentions.'"  According to Fed. R. Civ. P. 26(d) and (f), discovery may commence after the parties meet for a Rule 26(f) conference, which must take place at least 21 days before the Initial Case Management Conference.

**United States District Court**
For the Northern District of California

in fact served infringement contentions, and the court finds no reason why discovery cannot proceed in the absence of Penn's supplement to those contentions.  It is certainly no reason that one or more Genentech fact witnesses would be better prepared to defend Genentech's positions with the further contentions in hand.  Fact witnesses are to testify as to facts, whatever the effect on a party's position.

Because the court finds that Genentech has not shown good cause for a protective order, IT IS HEREBY ORDERED that Genentech's motion for a protective order is DENIED, and Penn's motion to compel is GRANTED.

Dated: June 10, 2011

PAUL S. GREWAL
United States Magistrate Judge

United States District Court
For the Northern District of California

Case No.: 10-2037
ORDER

3