UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| GENENTECH, INC., | ) | Case No.: C 10-2037 LHK (PSG) |
| Plaintiff, | ) | **ORDER GRANTING-IN-PART** |
| v. | ) | **GENENTECH'S MOTION TO** |
| | ) | **COMPEL** |
| THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, | ) | **(Re: Docket No. 256)** |
| | ) | |
| Defendant. | ) | |

Pending before the court is Plaintiff Genentech, Inc.'s ("Genentech") motion to compel Defendant The Trustees of the University of Pennsylvania ("Penn") to produce (1) supplemental infringement contentions consistent with the claims construction order, and (2) a complete supplement to interrogatory no. 11. For the reasons below, Genentech's motion to compel is GRANTED as to Penn's infringement contentions and DENIED as to interrogatory no. 11.

**I. Infringement Contentions**

Genentech argues that Penn's infringement contentions rely on outdated and overruled arguments as to what cells in the human body are "breast cells that overexpress p185" on which Herceptin acts to prevent them from becoming "breast cancer cells." Specifically, Genentech argues that Judge Koh's May 9, 2011 Order Construing Disputed Claim Terms[1] ("claims construction order") found that that ductal carcinoma in situ ("DCIS") cells are cancer cells,

---
[1] *See* Docket No. 214.

1

Case No.: 10-2037
ORDER

precluding Penn's infringement contention to the contrary. Genentech further argues that Penn's contention that disseminated tumor cells ("DTC"s), circulating tumor cells ("CTC"s), and cancer stem cells ("CSC"s) *may be* "breast cells that overexpress p185" *if* they meet Penn's definition of that term that the claims construction order is indeterminate and based on a definition that Judge Koh rejected. Genentech further argues that DTCs and CTCs are micrometastases, and the claims construction order states that micrometases (which is defined as "cancer cells that have spread to distant locations but may not yet be actively proliferating at the secondary site") are cancer. Genentech finally argues that Penn's contentions do not identify which variable region ("VR") and which complementarity-determining region ("CDR") in the Herceptin antibody is equivalent to a VR and CDR in the 7.16.4 antibody, as is required under the court's construction of claims 6 and 7.

Penn responds that this motion is improper because Penn had already agreed to supplement its infringement contentions. Penn states that, although Genentech's meet and confer was deficient on the issue of equivalence, Penn is willing to serve updated contentions that address equivalence on an element-by-element basis. Additionally, Penn states it will serve Patent L.R. 3-1 contentions regarding the cells at issue if the court grants leave to amend its contentions. In principle, Penn does not oppose supplementing its infringement contentions except to argue that the motion was unnecessary in light of its offer to seek leave of court to supplement its contentions. Although Penn seeks leave of court to do so in its opposition, it did not seek leave of court until after the motion was filed.

IT IS HEREBY ORDERED that Genentech's motion to compel amended infringement contentions is GRANTED.[2] Consistent with the definitions adopted in the claims construction order, the amended contentions shall specifically identify: (1) the cells at issue, including whether

---

[2] The court notes that this is not the first instance in which an order compelling further infringement contentions has been warranted. *See* 12/13/2010 Order Granting-In-Part and Denying-In-Part Pl.'s Mot. To Compel Compliance with Pat. L.R. 3-1 (Docket No. 63).

these cells include DCIS, DTCs, CTCs, and/or CSCs; and (2) the VR or CDR in Herceptin that is equivalent to a VR or DCR in the 7.16.4 antibody.[3] The amended contentions should not include any indeterminate language such as "[t]hese cells *include at least* p185-overexpressing mammary epithelial cells"[4] or "[e]vidence that cells exist in the accused patients' bodies that do not satisfy the Court's construction of breast cancer cells *includes at least* the following"[5] that leaves open the specific set of cells that remain at issue in this case. Penn shall serve its amended contentions no later than August 9, 2011.

**II. Interrogatory No. 11**

Genentech argues that Penn must supplement its response to interrogatory no. 11, including a response to the portion of interrogatory no. 11 that requests "any means by which you are aware of detecting ['breast cells that overexpress p185' that you contend are found in human patients for whom the administrations of Herception is accused of infringing]." Genentech argues that Penn has only identified means for detecting cells in patients from whom tumor cell samples can be extracted and clinically assessed, but which could not be used to detect these cells in the relevant patients—those who received adjuvant therapy from November 2006 to July 2010. Thus, Genentech argues, Penn's response does not state whether Penn has information or data which

---

[3] In its reply, Genentech argues that Penn's infringement contentions and response to interrogatory no. 11 are deficient for additional reasons, such as failing to identify a basis for alleging direct infringement and failing to state whether all adjuvant patients from 2006-2010 had non-cancerous CTCs, DTCs, and CSCs at the time of treatment or just a subset of those patients. These issues were raised for the first time in the reply, and thus the court does not address them.

[4] 7/5/2011 Notice Regarding Penn's Second Suppl. Resp. to Genentech's Seventh Set of Interrogatories (No. 11) Ex. A (Docket No. 278-1) ("Notice of Supplemental Response") at 3:27-28 (emphasis added).

[5] *Id*. at 5:4-5 (emphasis added).

identifies the means by which these breast cells in this particular population were detected or could be detected.[6]

Penn responds that the interrogatory, as drafted, seeks information about how the cells at issue can be detected, which Penn has provided.  It does not seek—as Genentech now seeks by this motion— information about how Penn plans to show that adjuvant patients from 2006-2010 had these cells.  Thus, in its opposition, Penn objects that the motion seeks information about damages that is outside the scope of the interrogatory.  Nevertheless, on July 5, 2011, Penn filed a supplemental response to interrogatory no. 11, which states that "[o]nce a representative population is defined and percentages presence [of such cells] determined therein, this can be extrapolated out for damages purposes."[7]

Genentech has not shown that Penn is aware of other means of *detecting* relevant cells in patients from November 2006 to July 2010 but is refusing to disclose the information.   Rather, Genentech argues for information about how Penn will support its argument that those cells existed in patients on whom the tests identified by Penn cannot be conducted.  While Penn touched upon that issue in its supplemental response, further detail on that issue is beyond the scope of interrogatory no. 11 as drafted.  Finally, Genentech will have more than a sufficient opportunity to address this issue in expert discovery and the almost-certain motion practice that will follow.  Accordingly,

IT IS HEREBY ORDERED that Genentech's motion for a further supplemental response to interrogatory no. 11 is DENIED.

Dated:  July 27, 2011

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[6] *See* FTR Audio Recording, July 12, 2011 at 10:25:23-25:41 a.m.

[7] Notice of Supplemental Response at 4:13-14.

4

Case No.: 10-2037
ORDER