United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GENENTECH, INC., | ) Case No.: 10-CV-02037-LHK |
| Plaintiff, | ) |
| v. | ) |
| | ) ORDER DENYING MOTION FOR |
| THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, a Pennsylvania non-profit corporation, | ) RELIEF FROM MAGISTRATE JUDGE ORDER |
| Defendant. | ) |

On August 10, 2011, Plaintiff, Genentech, Inc. ("Genentech") moved for relief from an order by Magistrate Judge Grewal denying Plaintiff's Motion to Amend Invalidity Contentions. *See* Mot. for Relief from Magistrate's Order, ECF No. 293; Order Granting-in-part and Denying-in-part Genentech's Mot. to Amend Invalidity Contentions ("July 27 Order"), July 27, 2011, ECF No. 285. Genentech sought leave from Magistrate Judge Grewal to amend two of its invalidity contentions related to its existing written description and non-enablement defenses. Genentech sought to amend its contentions to include two alleged frauds on the United States Patent and Trademark Office regarding the efficacy of U.S. Patent No. 6,733,752 (the '752 Patent). The Court set forth a detailed description of Genentech's allegations in its Order Granting Leave to Amend Complaint and will not do so here. *See* ECF No. 238. Magistrate Judge Grewal denied Genentech's motion to amend its invalidity contentions because he found that Genentech knew about the facts supporting the theory of invalidity at least four months prior to seeking leave to

Case No.: 10-CV-02037-LHK                                                                 1
ORDER DENYING MOTION FOR RELIEF

amend. Therefore, Judge Grewal concluded, Genentech was not diligent in seeking leave to amend, and could not establish good cause as is required pursuant to Local Patent Rule 3-6. *See* July 27 Order, ECF No. 285.

Pursuant to Federal Rule of Civil Procedure 72, a district judge may set aside a magistrate judge's non-dispositive pretrial order only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Genentech has conceded that the facts are not in dispute and that the Magistrate Judge's ruling was not "clearly erroneous." *See* Mot. for Relief from Magistrate's Order at 1, ECF No. 293. Instead, Genentech argues that the following ruling by Judge Grewal is contrary to law: "No exception [to the diligence requirement] is provided simply because a further amendment might be justified after a claim construction is issued. Genentech's failure to seek leave to amend its invalidity contentions at or around the time it moved to add its inequitable conduct allegations falls short of this standard." *See* July 27 Order at 3, ECF No. 285.

Patent Local Rule 3-6 allows the parties to amend invalidity contentions "only by order of the Court upon a timely showing of good cause." Pat. L.R. 3-6. The Federal Circuit has interpreted the "good cause" requirement of the local patent rules as requiring "a showing that the party seeking leave to amend acted with diligence in promptly moving to amend when new evidence is revealed in discovery." *O2 Micro Int'l Ltd v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1363 & 1366 (Fed. Cir. 2006). Only if the moving party is able to show diligence may the court consider the prejudice to the non-moving party. *See CBS Interactive, Inc.*, 257 F.R.D. at 201; *see also Acer, Inc. v. Technology Properties Ltd.*, 2010 WL 3618687, *3 (N.D. Cal. Sept. 10, 2010) ("[The moving party] must demonstrate good cause, an inquiry that considers first whether the moving party was diligent in amending its contentions and then whether the non-moving party would suffer prejudice if the motion to amend were granted. . . . If [the moving party] was not diligent, the inquiry should end.").

Given the facts in this case, the Court does not find that Judge Grewal's order was contrary to law. Genentech admittedly had the relevant evidence in its possession when it sought leave to file an amended complaint, but waited four months after that to file its motion to amend its invalidity contentions. Genentech's only justification for its delay is that Genentech anticipated it

would have to amend its invalidity contentions after the Court's claim construction order, and thus waited until after the Court issued its order to amend all at once. Genentech concedes, however, that the proposed invalidity contentions at stake here were not necessitated by or affected by the Court's claim construction order. Thus, the relevant case law does not compel a contrary result than the one reached by Judge Grewal. Because the Court concludes that the Magistrate Judge's Order is neither clearly erroneous, nor contrary to law, the Plaintiffs' Motion for Relief is DENIED.

**IT IS SO ORDERED.**

Dated: September 16, 2011

_____
LUCY H. KOH
United States District Judge