UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GENENTECH, INC., | Case No.: C 10-2037 PSG |
| Plaintiff, | **ORDER GRANTING-IN-PART PLAINTIFF'S MOTION TO COMPEL** |
| v. | |
| THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, | **(Re: Docket No. 344)** |
| Defendant. | |

Plaintiff Genentech, Inc. ("Genentech") moves to compel production of 17 email documents reflecting communications between Mark Greene ("Greene") and Charles Blitzer ("Blitzer"). Greene is a named inventor of the single patent-in-suit. Blitzer is President and Chief Executive Officer of Fulcrum Pharmaceuticals, LLC, a licensee of the patent-in-suit. After producing the emails to Genentech several months ago, Defendant and Counterclaim-Plaintiff The Trustees of the University of Pennsylvania ("the University") demanded return or destruction of the email pursuant to a "claw back" provision of the protective order. The University says it issued its claw back demand after it discovered that, during the disputed communications, Blitzer was acting as a lawyer dispensing legal advice to a client. Genentech complied with the University's demand by sequestering the 17 documents, but nevertheless argues that the University has failed to meet its

burden of establishing that the documents are entitled to the protections of the attorney-client privilege. Earlier today the parties appeared for argument on Genentech's motion.

"The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice,"[1] as well as an attorney's advice in response to such disclosures.[2] To prevent abuse and assure the availability of relevant evidence to the party seeking discovery, the privilege is limited to "only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege."[3] The party asserting the attorney-client privilege has the burden of proving that the privilege applies to a given set of documents or communications.[4] To meet this burden, a party must demonstrate that its documents adhere to the essential elements of the attorney-client privilege adopted by the Ninth Circuit.[5]

While Genentech argues that the University cannot meet its burden, it alternatively requests that the court at least review the documents *in camera* before resolving the question. "To empower the district court to review the disputed materials in camera, the party opposing the privilege need only show a factual basis sufficient to support a reasonable, good faith belief that in camera inspection may reveal evidence that information in the materials is not privileged. If the party makes such a showing, the decision whether to conduct the review rests within the discretion of the district court."[6] Based on the information presented thus far, the court is satisfied that Genentech

---

[1] *In re Grand Jury Subpoenas (Hirsch)*, 803 F.2d 493, 496 (9th Cir. 1986), correction printed 817 F.2d 64 (9th Cir.1987).

[2] *See In re Fischel*, 557 F.2d 209, 211 (9th Cir. 1977).

[3] *See Fisher v. United States*, 425 U.S. 391, 403, 96 S.Ct. 1569, 1577, 48 L.Ed.2d 39 (1976).

[4] *See In re Grand Jury Subpoenas (Hirsch)*, 803 F.2d at 496.

[5] *See Fischel*, 557 F.2d at 211.

[6] *In re Grand Jury Investigation*, 974 F.2d 1068, 1075 (9th Cir. 1992).

has made the necessary showing.  Even if Greene was a "functional employee"[7] or someone sharing a "common interest"[8] communicating with Blitzer in his legal capacity in order to obtain legal advice, and the University did not waive any privilege through inadvertent disclosure, there is no dispute that Blitzer also served as a President and CEO dispensing non-legal directives at the time of the communications.  In fact, the University has produced other documents showing that Blitzer acted in this capacity while communicating with Greene.[9]  Under these circumstances, the Court is further satisfied that a review of the documents would permit a more exacting assessment of the University's claims.

No later than October 20, 2011 at 5:00 PM, the University shall lodge the disputed documents with the court to permit an *in camera* review.

**IT IS SO ORDERED.**

Dated: October 18, 2011

PAUL S. GREWAL
United States Magistrate Judge

---

[7] *See U.S. v. Graf*, 610 F.3d 1148, 1158-59 (9th Cir. 2010) (concluding that "communications between an outside consultant and an entity's attorneys are covered by the entity's attorney-client privilege" where the outside consultant acted in all relevant aspects as a "functional employee").

[8] *See In re Regents of the Univ. of California*, 101 F.3d 1386, 1390-91 (Fed. Cir. 1996) (concluding that the "community of interest doctrine" applies to and protects "legal advice and communications" between a patentee and licensee who share a common interest in obtaining "strong and enforceable patents").

[9] *See* Docket No. 344, Exs. 9, 10, 11, as described in footnote 1 of Genentech's letter brief.