UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GENENTECH, INC., | Case No.: C 10-2037 PSG |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL** |
| v. | |
| THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, | **(Re: Docket No. 330)** |
| Defendant. | |

In this patent infringement suit, Plaintiff Genentech, Inc. ("Genentech") moves to compel an additional 2.5 hours of an individual deposition of Mark Greene ("Greene"). Greene is a named inventor of the single patent-in-suit who has already been deposed for 10 hours. Greene was previously deposed in his individual capacity for approximately 8 hours, as well as 2 hours in his capacity as a representative of Defendant and Counterclaim-Plaintiff The Trustees of the University of Pennsylvania ("the University") . In response, the University offered to tender Greene for an additional one hour. Earlier today the parties appeared for argument on Genentech's motion.

Without conducting a precise count, it is nevertheless safe to say that this motion is but the most recent in a long list of requests in this case for court intervention in a discovery dispute. Under these circumstances, it is tempting to editorialize on the parties' wisdom of insisting here

**United States District Court**
For the Northern District of California

that the court decide exactly how many additional minutes greater than or equal to 60 and less than or equal to 150 Greene should be deposed.  The court, however, will resist that temptation as well as the temptation to describe in detail the appropriate standards governing this dispute under Fed. R. Civ. P. 26, Fed. R. Civ. P. 30, Civ. L.R. 37-1 and the precedents of the Supreme Court and the Ninth Circuit Court of Appeals.  Instead, the court will simply note:

1. While the University argues that the parties had a "deal" that limited the deposition to 10 hours total and no more, the deposition transcript and complete communication history between the parties shows that there was at best an agreement by Genentech to proceed with the 10 hours before insisting on more.

2. While most individual depositions should require no more than 7 hours, Greene is not like most deponents.  He is a named inventor of the asserted patent who is uniquely positioned to address issues relating to at least written description, enablement, inequitable conduct, novelty, obviousness, and damages.  As such, a few hours of extra time is reasonable.

3. If Genentech resists any similar requests from the University for more than 7 hours for an individual deposition, the court will entertain an appropriate motion from the University on shortened time together with a request for sanctions.

Accordingly, no later than November 4, 2011, the University shall tender Greene for an additional 2.5 hours of deposition.  The deposition topics shall be limited only by the standards for discoverability set forth in Rule 26.  The deposition shall take place in Philadelphia or another location of the University's choosing.

**IT IS SO ORDERED.**

Dated: October 18, 2011

*Paul S. Grewal*
PAUL S. GREWAL
United States Magistrate Judge

Case No.: CV 10-2037 PSG
ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL