UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| GENENTECH, INC., | ) | Case No.: C 10-2037 LHK (PSG) |
| | ) | |
| Plaintiff and Counterclaim Defendant, | ) ) ) | **ORDER DENYING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL** |
| v. | ) ) | **(Re: Docket Nos. 319, 336, 342, 394)** |
| THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, a Pennsylvania non-profit corporation, | ) ) ) ) | |
| Defendant. | | |

Before the court are several administrative motions to file under seal documents that the opposing party has designated "confidential" pursuant to the Protective Order in this case. Pursuant to Civ. LR 79-5(d), a party that wishes to file or refer to information designated confidential by another party must lodge the document with the court in accordance with Civ. L.R. 79-5. Within seven (7) days, the designating party must file with the court and serve a declaration establishing that the designated information is sealable[1] and a "narrowly tailored sealing order," or withdraw the

---

[1] The Ninth Circuit has explained that "[h]istorically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents. This right is justified by the interest of citizens in 'keeping a watchful eye on the workings of public agencies.'" *Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1179 (9th Cir. 2006) (internal citations omitted). "A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to nondispositive motions." *Id.* at 1181.

1  designation of confidentiality. Should the designating party fail to do so within seven days, the
2  document or proposed filing is made part of the public record.[2]

3  Here, Plaintiff Genentech, Inc. ("Genentech") administratively moves to file under seal
4  Exhibits A & B to the Declaration of James A. Hight, Jr. in support of Genentech's motion to
5  compel regarding Dr. Okudaira,[3] as well as various documents and the letter brief in support of
6  Genentech's motion to compel regarding a redwell produced in this case.[4]  Defendant The Trustees
7  of the University of Pennsylvania ("the University") administratively moves to file under seal its
8  opposition brief and Exhibit D to a request to reopen arguments,[5] as well as the University's letter
9  brief motion to compel re the Roche matter, and accompanying Exhibits A-E, N, and P.[6] Both
10 parties' administrative motions are based on confidentiality designations made by the other party.

11 The court has reviewed the docket and finds that no supporting declarations or narrowly
12 tailored proposed orders to seal have been filed by the designating party with respect to any of the
13 above-referenced administrative motions. Accordingly,

14 Genentech and the University's administrative motions to file the above documents under
15 seal are DENIED.

16 The parties are advised to comply with Civ. L.R. 79-5, G.O. 62, and Fed. R. Civ. P. 26(c)
17 with respect to any future administrative motions to file documents under seal.

18 IT IS SO ORDERED.

20 Dated: 12/7/2011

21 PAUL S. GREWAL
United States Magistrate Judge

---

[2]   Civ. LR 79-5(d).

[3]   *See* Docket No. 394.

[4]   *See* Docket No. 336.

[5]   *See* Docket No. 319.

[6]   *See* Docket No. 342.

ORDER, *page 2*