UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GENENTECH, INC., <br><br>　　　　Plaintiff and <br>　　　　Counterclaim <br>　　　　Defendant, <br>v. <br><br>THE TRUSTEES OF THE UNIVERSITY <br>OF PENNSYLVANIA, a Pennsylvania <br>non-profit corporation, <br><br>　　　　Defendant. | Case No.: C 10-2037 LHK (PSG) <br><br>**AMENDED ORDER DENYING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL RE DOCKET NOS. 319, 336, 304 AND GRANTING ADMINISTRATIVE MOTION TO FILE UNDER SEAL RE DOCKET NO. 342** <br><br>**(Re: Docket Nos. 319, 336, 342, 394)** |

In light of Plaintiff Genentech, Inc.'s ("Genentech") December 7, 2012 motion for leave to file a motion for reconsideration, the court amends its December 7, 2012 Order[1] as follows[2]:

Before the court are four administrative motions to file under seal documents that the opposing party has designated "confidential" pursuant to the Protective Order in this case. Pursuant to Civ. LR 79-5(d), a party that wishes to file or refer to information designated confidential by another party must lodge the document with the court in accordance with Civ. L.R. 79-5. Within seven (7) days, the designating party must file with the court and serve a declaration establishing

---

[1] *See* Docket No. 423 (Order Denying Administrative Motions to File Under Seal).

[2] Amendments to the December 7 Order are underlined.

ORDER, *page 1*

that the designated information is sealable[3] and a "narrowly tailored sealing order," or withdraw the designation of confidentiality. Should the designating party fail to do so within seven days, the document or proposed filing is made part of the public record.[4]

Here, Genentech administratively moves to file under seal Exhibits A & B to the Declaration of James A. High, Jr. in support of Genentech's motion to compel regarding Dr. Okudaira,[5] as well as various documents and the letter brief in support of Genentech's motion to compel regarding a redwell produced in this case.[6] Defendant The Trustees of the University of Pennsylvania ("the University") administratively moves to file under seal its opposition brief and Exhibit D to a request to reopen arguments,[7] as well as the University's letter brief motion to compel re the Roche matter, and accompanying Exhibits A-E, N, and P.[8] Both parties' administrative motions are based on confidentiality designations made by the other party.

The court has reviewed the docket and finds that no supporting declarations or narrowly tailored proposed orders to seal have been filed by the designating party <u>with respect to three of the four above-referenced administrative motions - specifically Docket Nos. 394, 336, and 319. Accordingly,</u>

<u>The administrative motions to file under seal material corresponding to Docket Nos. 394, 336, and 319 are hereby DENIED.</u>

<u>With respect to the material corresponding to the fourth of the administrative motions – Exhibits A-E, N, and P accompanying the University's letter brief motion to compel re the Roche</u>

---

[3] The Ninth Circuit has explained that "[h]istorically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents. This right is justified by the interest of citizens in 'keeping a watchful eye on the workings of public agencies.'" *Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1179 (9th Cir. 2006) (internal citations omitted). "A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to nondispositive motions." *Id.* at 1181.

[4] Civ. LR 79-5(d).

[5] *See* Docket No. 394.

[6] *See* Docket No. 336.

[7] *See* Docket No. 319.

[8] *See* Docket No. 342.

matter – the court notes that Genentech timely filed a declaration supporting the University's administrative motion and explaining the basis for its confidentiality designations.[9] Accordingly,

The University's administrative motion to seal material corresponding to Docket No. 342 is hereby GRANTED.

The parties are advised to comply with Civ. L.R. 79-5, G.O. 62, and Fed. R. Civ. P. 26(c) with respect to any future administrative motions to file documents under seal.

IT IS SO ORDERED.

Dated: 12/14/2011

PAUL S. GREWAL
United States Magistrate Judge

---

[9] *See* Docket No. 368.