United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GENENTECH, INC., | Case No.: C 10-2037 LHK (PSG) |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO STRIKE LATE-DISCLOSED EXPERT REPORTS** |
| v. | |
| THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, | **(Re: Docket No. 450)** |
| Defendant. | |

In this patent infringement action, Defendant and Counterclaim-Plaintiff The Trustees of the University of Pennsylvania's ("the University") moves to strike what it presents to be two expert "reports"[1] for Plaintiff Genentech, Inc. ("Genentech") that were untimely and that lack

---

[1] Genentech disputes that these are reports at all, but refers to them as they are presented, which is in the form of "memoranda" from the authors to Craig Henderson. For simplicity, the court will refer to the two documents at issue as reports.

1
Case No.: C 10-2037 LHK (PSG)
ORDER DENYING DEFENDANT'S MOTION TO STRIKE LATE-DISCLOSED EXPERT REPORTS

required disclosure information under Fed. R. Civ. P. 26(a)(2)(B).[2] The University also moves to strike references to the offending reports from the timely-produced report of Genentech's expert, Craig Henderson ("Henderson").

## I. FACTUAL BACKGROUND

The agreed-upon date for exchanging expert witness reports was the late evening of January 9, 2012. At that time, Genentech produced seven expert witness reports, including the Henderson report. In his report, Henderson twice references work conducted by the "Statistics Collaborative" or "Statistics Collaborations."[3] The first reference appears in Henderson's initial list of materials considered,[4] and the second in the body of the report.[5] As Genentech realized a week later, however, it failed to list the SCI reports in "Exhibit C" to the Henderson report, which provides the definitive list or bibliography of "Materials Considered," and to include the actual reports with the other documents sent to the University as part of the original production. On the early evening of January 16, 2012, Genentech notified the University by email of its oversight and forwarded copies and a corrected version of Exhibit C to the Henderson report.[6]

The reports are dated September 19, 2011 and October 4, 2011. Counsel for Genentech commissioned SCI in order to perform statistical analyses on the laboratory data behind the

---

[2] Rule 26(a)(2)(B) requires that disclosure of any testifying expert witness must be accompanied by a written report "signed" by the witness and containing other information, including the witness' qualifications and other litigation appearances.

[3] The proper name of the organization is Statistics Collaborative, Inc. ("SCI").

[4] *See* Docket No. 451, Ex. 2 (Henderson Report) ¶ 12 ("The basis for my opinions and conclusions include … (5) my review of two reports prepared by Statistics Collaborations concerning the laboratory data underlying the '752 patent.").

[5] *See id.* ¶ 139 ("Statistic Collaborative's review of the data reveals that the reported p-value of 0.05 was false because the data support a p-value of, at best, 0.18 which is not supportive of Dr. Katsumata and Dr. Greene's conclusion.").

[6] *See* Docket No. 451(Wells Decl.), Ex. 3.

2
Case No.: C 10-2037 LHK (PSG)
ORDER DENYING DEFENDANT'S MOTION TO STRIKE LATE-DISCLOSED EXPERT REPORTS

University's '752 patent. The reports summarize the statistical analyses and conclusions of SCI's statisticians.[7] Each report identifies errors and discrepancies that the SCI team discovered in reviewing the University's data, as it was used to generate the results described in the patent.

## II. DISCUSSION

The University contends that Genentech's failure to identify the reports in Exhibit C, the "Materials Considered" section of the Henderson report, prevented the University from recognizing – in the midst of reviewing Genentech's seven other voluminous expert reports – that material was missing. According to the University, Genentech's disclosure of the reports one week later deprived the University of time that it critically needed to review the additional reports, conduct related discovery, and prepare rebuttal material. In light of the schedule set by Judge Koh and her notice of "no further modifications" to that schedule,[8] the University argues that striking the reports and references thereto is appropriate in order to prevent the burden of Genentech's delay from unfairly prejudicing the University.

Genentech acknowledges that it produced the two reports one week late, in part as a result of a "last-minute scramble" to provide its expert document production by the time unreasonably and suddenly imposed by the University after the parties attempted for days to agree on an exchange procedure. But Genentech argues that the University grossly exaggerates any prejudice because (1) the two expert reports are identified in the initial "Materials Considered" section in the main text of Henderson's report, and (2) the Henderson report substantively conveys the majority of information, and the statistical conclusions, of the two SCI reports.[9] For both of these reasons,

---

[7] *See* Docket No. 451(Wells Decl.), Exs. 4, 5.

[8] *See* Docket No. 413 (Order Setting Modified Case Schedule) ("No further modifications to the case schedule will be permitted.").

[9] *See* Docket No. 459 (Thayer Decl.), Ex. J (chart comparing information presented in the SCI reports with the Henderson report).

3
Case No.: C 10-2037 LHK (PSG)
ORDER DENYING DEFENDANT'S MOTION TO STRIKE LATE-DISCLOSED EXPERT REPORTS

Genentech contends that the University was not in actuality deprived of the information it claims, and furthermore has had ample time to begin its rebuttal using the information that was conveyed in the Henderson report on time. Genentech also explains that because the reports are not being offered as independent expert reports and the author(s) will not be called at trial, they are fully in compliance with Fed. R. Civ. P. 26(a)(2)(B). Rather than striking the reports and references, Genentech states that it will not oppose an order granting the University "several" extra days to prepare its rebuttal report.[10]

The court may exclude evidence or strike pleadings pursuant to Fed. R. Civ. P. 37(c)(1) for failure to comply with the Rule 26 disclosure requirements, unless the failure was substantially justified or is harmless. Courts generally enforce this provision for an unjustified or prejudicial failure to comply with disclosure deadlines.[11] But an inadvertent delay of one week is hardly sufficient to warrant striking the reports and the references from the Henderson report. Instead, the court will allow the University seven additional days to serve any and all of its rebuttal report, placing the University where it would have been had the complete production by Genentech come on time.[12]

---

[10] *See* Docket No. 457 at 4-5 (Pl.'s Opp'n to Def.'s Mot. To Strike). At oral argument, Genentech backtracked on its offer and stated that the extra days would be appropriate only for the University to respond to information contained in the SCI reports that did not appear in the Henderson report, such as the charts and graphs.

[11] *See, e.g., O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1362, 1369 (Fed. Cir. 2006) (affirming district court's exclusion of untimely expert report); *Vnus Med. Techs. Inc. v. Biolitec*, No. C 08-3129 MMC(JL), 2010 WL 2629714, at *5-6 (N.D. Cal. June 29, 2010) (excluding report submitted a month late and under pretense of it being a rebuttal report).

[12] This modest delay may inconvenience Genentech, but it is an inconvenience of Genentech's own making, not the University or the court's. In any event, it will not affect the overall case schedule. *See* Docket No. 457 at 4. Genentech will still have more than a week to complete expert discovery related to the University's rebuttal report, well within the expert discovery deadline set by Judge Koh's scheduling order.

4
Case No.: C 10-2037 LHK (PSG)
ORDER DENYING DEFENDANT'S MOTION TO STRIKE LATE-DISCLOSED EXPERT REPORTS

### III. CONCLUSION

The court accordingly DENIES the University's motion to strike late-disclosed expert reports and ORDERS that the University may serve its rebuttal to the Henderson report no later than seven days after the February 6, 2012 deadline for rebuttal expert reports.

Dated: 2/2/2012

_____
PAUL S. GREWAL
United States Magistrate Judge

5
Case No.: C 10-2037 LHK (PSG)
ORDER DENYING DEFENDANT'S MOTION TO STRIKE LATE-DISCLOSED EXPERT REPORTS