UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| GENENTECH, INC., | ) | Case No.: 10-CV-02037-LHK |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | PRETRIAL CONFERENCE ORDER |
| | ) | |
| THE TRUSTEES OF THE UNIVERSITY OF | ) | |
| PENNSYLVANIA, a Pennsylvania non-profit | ) | |
| corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Clerk: Martha Parker Brown
Reporter: Lee-Anne Shortridge
Plaintiff's Attorneys:
Bob Van Nest, Patricia Thayer, Ashok Ramani, Samuel Tiu, Andrew Levine, James High
Defendant's Attorneys:
Gary Frischling, Jason Sheasby, Melissa McCormick, David Schwarz, Anthony Falcone

A pretrial conference was held on May 30, 2012, at 2:00 p.m. A final pretrial conference on jury instructions is set for Tuesday, June 5, 2012, at 2:00 p.m. The parties shall file a joint pretrial statement by Monday, June 4, 2012, at 2:00 p.m., not to exceed 3 pages, identifying any new issues requiring resolution.

For the reasons stated on the record, the Court made the following rulings:

GENENTECH'S MOTIONS IN LIMINE (ECF No. 577):

- Genentech's Motion in Limine #1 to preclude Penn and its experts from submitting the '752 patent, its file history, and related publications featuring false data without opening the door to the complete record of the transgenic mouse experiment underlying the '752 patent, will be ruled upon during the trial. If U Penn in any way introduces evidence of the mice, mice experiment, or experiment results, or misleads the jury about the invention, then Genentech may introduce the mice data errors for impeachment and to rebut any misleading of the jury, and the parties shall propose a limiting instruction that the mice errors are not relevant to patent validity. However, if U Penn does not open the door, then Genentech may not introduce the mice data errors, but also U Penn may not introduce the Finkle paper.

- Genentech's Motion in Limine #2 to exclude evidence, testimony, and argument of conception/reduction to practice concerning isolated tumor cells prior to March 30, 1994, is DENIED.

1

United States District Court
For the Northern District of California

• Genentech's Motion in Limine #3 to exclude evidence or reference to Genentech's opinions of counsel is GRANTED. However, Genentech is precluded from making a selective waiver of privilege.

• Genentech's Motion in Limine #4 to exclude surprise expert testimonies is GRANTED as to testimony that 100% of the Adjuvant Population has p185-overexpressing ITCs; GRANTED as to evidence of infringement under the doctrine of equivalents regarding claims 1, 5, 9, 10, 12, 14, or 17; and DENIED as to testimony on whether ITCs are cancer cells.

• Genentech's Motion in Limine #5 to exclude certain proposed expert testimony of Sergio Aragon is DENIED.

• Genentech's Motion in Limine #6 to exclude evidence, testimony, and argument re: Dr. Christopher A. Klein conversations and/or experiments is DENIED. The parties stipulated to exclude any testimony about Dr. Klein's 2007 emails. Absent the parties' stipulation, the Court would have granted Genentech's motion as to Dr. Klein's 2007 emails.

• Genentech's Motion in Limine #7 to preclude introduction of evidence, testimony, and argument by Penn of ongoing clinical trials is DENIED. By Friday, June 1, 2012, U Penn shall file a proposed limiting instruction.

• Genentech's Motions in Limine #8 and #9 to exclude the testimony of Edward Lentz and Ryan Sullivan regarding reasonable royalties is GRANTED as to the Genentech/Roche Agreement, but DENIED in all other respects.

• Genentech's *Daubert* Motion to Strike Certain Testimony and Exhibits in Opposition to Summary Judgment Pursuant to Fed. R. Evid. 104, 402, 403, 602, and 702 and Fed. R. Civ. P. 26, 37, 56 (ECF No. 541) is GRANTED IN PART and DENIED IN PART. Pursuant to the Court's ruling on Genentech's Motion in Limine #4, U Penn is precluded from introducing evidence that 100% of the Adjuvant Population "more likely than not" has ITCs. U Penn is not precluded from introducing evidence that Adjuvant patients receive treatment because they have ITCs, not micrometastases.

U PENN'S MOTIONS IN LIMINE:

• U Penn's Motion in Limine #1 to Exclude Evidence of Misreported Data from the Jury Trial (ECF No. 579) -- See Genentech's Motion in Limine #1.[1]

• U Penn's Motion in Limine #2 to Exclude Evidence Inconsistent with the Court's Construction of "Breast Cancer Cells" (ECF No. 581) is DENIED.

• U Penn's Motion in Limine #3 to Preclude Genentech from Making a Selective Waiver of Privilege (ECF No. 582) is GRANTED.

---

[1] U Penn's Motion for Leave to File a Reply in Support of U Penn's Motion in Limine #1 (ECF No. 644) is DENIED.

Case No: 10-cv-02037-LHK
PRETRIAL CONFERENCE ORDER

- U Penn's Motion in Limine #4 to Preclude Genentech's Damages Expert from Offering Opinions on the Percentage of the Adjuvant Population which has p185 Overexpressing ITCs (ECF No. 583) is GRANTED as to Dr. Cote's statement to Ms. Elsten that the percentage of the Adjuvant Population with p185 overexpressing ITCs should be lower than 27.6%, and DENIED as to Dr. Cote's statement to Ms. Elsten that the Solomayer 2006 statistic that the percentage of the Adjuvant Population with p185 overexpressing ITCs is 27.6% sounds right.

- U Penn's Motion in Limine #5 to Preclude Genentech from Offering Evidence of its Northern California Roots and its Patent Portfolio (ECF No. 584) is DENIED.  By Monday, June 4, 2012, U Penn shall file a proposed limiting instruction regarding the fact that Herceptin itself is patented.

ADDITIONAL EVIDENTIARY AND PROCEDURAL DISPUTES:

- Genentech's Motion Pursuant to FRCP 45 to Compel Lead Inventors to Attend Jury Trial (ECF No. 606) is GRANTED.

- Genentech's Motion for Protective Order or, in the Alternative, to Quash Trial Subpoenas (ECF No. 613) is DENIED as to Renee Barkley, Melissa Brammer, Radhagovind Choudhury, Sharon Erickson, Alexander Hardy, Robert Kelley, Hartmut Koeppen, Coltin Krauss, Frelon Ngai, Darrin Miles, and Mark Sliwkowski, all of whom are Genentech's 30(b)(6) witnesses, and whose deposition testimony U Penn may introduce at trial.  The Motion is GRANTED as to Paul Carter, Robert Cohen, Mark Lackner, Timothy Schwartz, and Howard Stern to the extent that they are testifying in their individual capacities and DENIED to the extent that they are testifying as 30(b)(6) witnesses.  By Friday, June 1, 2012, the parties shall meet and confer to resolve which of these five witnesses will be called by U Penn as witnesses.

- Laches and Unclean Hands: Genentech's equitable defenses of laches and unclean hands will be tried as part of the bench trial and will not be submitted to the jury for an advisory verdict.

- Settlement E-mails: Genentech is not precluded from introducing evidence of 2005/06 license negotiations.   Genentech is precluded from introducing evidence of the 2004 license negotiations.

- Other Genentech Litigation: U Penn is precluded from introducing evidence of or making reference to other legal proceedings involving Genentech.  Genentech's damages expert may testify that the fact that Genentech is negotiating with a university versus another type of entity such as a competitor would influence the hypothetical negotiation.

- U Penn's Witnesses: U Penn is not precluded from calling live and/or presenting the deposition testimony of the witnesses identified in pages 43-44 of the parties' Joint Pretrial Statement.

- Dr. Katsumata's Interpreter: Dr. Katsumata may use an interpreter during the trial, but the translation time will count against U Penn's trial time.

United States District Court
For the Northern District of California

- Number of Claims: Penn is not required to reduce its number of asserted claims.

- The Court adopts the case sequence recommended by the parties: U Penn's infringement case, Genentech's non-infringement and invalidity case, U Penn's rebuttal on infringement and validity, then Genentech's rebuttal on invalidity.

- U Penn's request for additional rebuttal to Genentech's new validity or non-infringement arguments on rebuttal is DENIED.

- Genentech cannot ask patent validity questions on cross or re-cross examination of a witness during U Penn's infringement case unless the Court determines that the witness would be too inconvenienced by testifying at trial more than once or U Penn opens the door to validity issues during direct or re-direct examination.

- Written Jury Questionnaires: The court will not send out jury questionnaires.  Jury voir dire will be conducted orally.

- Federal Judicial Center Patent Video: The Court will play the video introduction to patent law on the first day of trial.

- Identification of Live Witnesses: The parties shall notify counsel of witnesses to be called three days[2] before that witness is called to testify, including hostile witnesses.  Any exhibits to be used in the direct examination of a witness will be identified at that time as well.  The responding party must file any objections with the Court within 24 hours.

JURY SELECTION: The Court will seat 9 jurors, as set forth in the Court's February 8, 2012 Case Management Order.

EXHIBIT LISTS: By Monday, June 4, 2012, the parties shall file revised exhibit lists, which shall be limited to no more than 125 exhibits per side.  Objections to exhibits are due Thursday, June 7, 2012.  Parties must demonstrate good cause to use or seek to admit any exhibit during trial that is not on the parties' list of 125 exhibits.

JURY INSTRUCTIONS: By Friday, June 1, 2012, the Court will file tentative Preliminary Jury Instructions, which will reflect the Court's rulings on the parties' proposed jury instructions.  Any objections to the Court's tentative Preliminary Jury Instructions, not to exceed 5 pages per side, shall be filed by Monday, June 4, 2012, at 2:00 p.m.

FUTURE DAMAGES CLAIM: By Friday, June 1, 2012, U Penn shall file no more than two pages explaining how it intends to proceed on its future damages claim.

**IT IS SO ORDERED.**

Dated: May 30, 2012

_Lucy H. Koh_

LUCY H. KOH
United States District Judge

---

[2] The parties shall meet and confer to determine the exact time of day by which they must identify witnesses.

4