1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| GENENTECH, INC., | ) | Case No.: 10-CV-02037-LHK |
| | ) | |
| Plaintiff, | ) | **[TENTATIVE] JURY VERDICT** |
| v. | ) | **FORM** |
| | ) | |
| THE TRUSTEES OF THE UNIVERSITY OF | ) | **Trial Date: June 11, 2012** |
| PENNSYLVANIA, a Pennsylvania non-profit | ) | **Courtroom: 8 (4th Floor)** |
| corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

We, the jury, unanimously agree to the answers to the following questions and return them under the instructions of this court as our verdict in this case.

## FINDINGS ON INFRINGEMENT CLAIMS

**A. Direct Infringement of the '752 patent**

1.    Has the University of Pennsylvania proven that it is more likely than not that a doctor who prescribed Herceptin according to the "Adjuvant Treatment, Breast Cancer" indication

**United States District Court**
For the Northern District of California

in the FDA-approved package insert practiced a method that meets every requirement of the following patent claims:

> Claim 1: Yes_____ (finding for Penn)  No_____ (not proven)
>
> Claim 5: Yes_____ (finding for Penn)  No_____ (not proven)
>
> Claim 9: Yes_____ (finding for Penn)  No_____ (not proven)
>
> Claim 10: Yes_____ (finding for Penn)  No_____ (not proven)
>
> Claim 12: Yes_____ (finding for Penn)  No_____ (not proven)
>
> Claim 14: Yes_____ (finding for Penn)  No_____ (not proven)
>
> Claim 15: Yes_____ (finding for Penn)  No_____ (not proven)
>
> Claim 16: Yes_____ (finding for Penn)  No_____ (not proven)
>
> Claim 17: Yes_____ (finding for Penn)  No_____ (not proven)

*Please answer question 2.*

2.     Has the University of Pennsylvania proven that it is more likely than not that a doctor who prescribed Herceptin according to the "Adjuvant Treatment, Breast Cancer" indication in the FDA-approved package insert practiced a method that is identical or equivalent to every requirement of the following patent claims:

> Claim 6: Yes_____ (finding for Penn)  No_____ (not proven)
>
> Claim 7: Yes_____ (finding for Penn)  No_____ (not proven)
>
> Claim 15: Yes_____ (finding for Penn)  No_____ (not proven)
>
> Claim 16: Yes_____ (finding for Penn)  No_____ (not proven)

*If you answered "No" to questions 1 and 2, please skip questions 3-5 and answer question 6. If you answered "Yes" to either questions 1 or 2, please answer question 3.*

**B.  Inducing Infringement of the '752 patent**

3.     Has the University of Pennsylvania proven that it is more likely than not that (a) Genentech took action that actually induced infringement by a doctor who prescribed Herceptin according to the "Adjuvant Treatment, Breast Cancer" indication in the FDA-approved package insert; **and** (b) Genentech was aware of the '752 patent and believed that its actions would

2

encourage infringement of a valid patent, or alternatively that it was willfully blind as to whether its actions would encourage infringement of the patent?

Yes_____ (finding for Penn)          No_____ (not proven)

*If you answered "No" to question 3, please skip questions 4 and answer question 5.  If you answered "Yes," please answer question 4.*

## C.  Willful Infringement of the '752 patent

4a.     Has the University of Pennsylvania proven that it is highly probable that from an objective point of view the defenses put forth by Genentech failed to raise any substantial question with regard to infringement or validity [or enforceability] of the asserted claims?

Yes_____ (finding for Penn)          No_____ (not proven)

*If you answered "No," please skip question 4b and answer question 5.  If you answered "Yes," please answer question 4b.*

4b.     Has the University of Pennsylvania proven that it is highly probable that Genentech actually knew, or it was so obvious that Genentech should have known, that its actions constituted infringement of a valid [and enforceable] patent?

Yes_____ (finding for Penn)          No_____ (not proven)

*Please answer question 5.*

## FINDING ON INVALIDITY DEFENSES

## A.  Written-Description Requirement of the '752 patent

5.     Has Genentech proven that it is highly probably that the '752 patent specification does not contain an adequate written description of the claimed invention?

Yes_____(finding for Genentech)          No_____ (not proven)

*Please answer question 6.*

Case No.: 10-cv-02037-LHK
[TENTATIVE] JURY VERDICT FORM

**United States District Court**
For the Northern District of California

**B. Enablement requirement of the '752 patent**

      6.      Has Genentech proven that it is highly probable that the '752 patent specification does not contain a description of the claimed invention that is sufficiently full and clear to enable persons of ordinary skill in the field to make and use the claimed invention?

      Yes_____(finding for Genentech)      No_____ (not proven)

*Please answer question 7.*

**C. Anticipation as to the '752 patent**

      7.      Has Genentech proven that it is highly probable that the '752 patent's claims were "anticipated," or, in other words, not new?

      Yes_____(finding for Genentech)      No_____ (not proven)

[If the answer is "yes," check any reason below that is applicable:

     _____ The claimed invention was already publicly known or publicly used by others in the United States before the date of conception of the claimed invention.

     _____ The claimed invention was already patented or described in a printed publication anywhere in the world before the date of conception.

     _____ The claimed invention was already made by someone else in the United States before the date of conception and that other person had not abandoned the invention or kept it secret.

     _____ The claimed invention was already described in another issued U.S. patent or published U.S. patent application that was based on a patent application filed before the date of conception.

     _____ The named inventor did not invent the claimed invention but instead learned of the claimed invention from someone else.

     _____ The named inventor was not the first inventor of the claimed invention.]

*Please answer question 8.*

**D. Obviousness of the '752 patent**

      8.      The ultimate legal conclusion on the obviousness question will be made by the court. However, in order for the court to do so, you must answer the following preliminary factual questions:

a.  What was the level of ordinary skill in the field that someone would have had at the time the claimed invention was made?

The parties agree that the level of education and experience of those working in the field is a person with at least an MD or PhD in the areas of pathology, oncology, and/or immunology with 3-4 years of post-MD or post-PhD experience.

b.  What was the scope and content of the prior art at the time of the claimed invention?  (check the applicable answer)

_____ [set forth what the Alleged Infringer has offered as the invalidating prior art, e.g., '123 patent on fixed sitting device with four legs, general knowledge in field of industrial design that a horizontal surface may be held parallel to the ground using three legs and common knowledge that a person can easily move an object weighing under 25 pounds]

_____ [set forth what the Patent Holder asserts was within the scope and content of the prior art, e.g., '123 patent on fixed sitting device with four legs]

_____ [other, specify_____]

c.  What difference, if any, existed between the claimed invention and the prior art at the time of the claimed invention?

_____ [set forth the Alleged Infringer's contention as to the difference, e.g., no difference between scope of invention and what is known in prior art]

_____ [set forth the Patent Holder's contention as to the difference, e.g., only 3 legs on a sitting device and portability]

_____ [other, specify_____]

d.  Which of the following factors has been established by the evidence with respect to the claimed invention: (check those that apply)[verdict form should list only those factors for which a *prima facie* showing has been made]:

_____ commercial success of a product due to the merits of the claimed invention

_____ a long felt need for the solution that is provided by the claimed invention

_____ unsuccessful attempts by others to find the solution that is provided by the claimed invention

_____ copying of the claimed invention by others

Case No.: 10-cv-02037-LHK
[TENTATIVE] JURY VERDICT FORM

United States District Court
For the Northern District of California

_____ unexpected and superior results from the claimed invention

_____ acceptance by others of the claimed invention as shown by praise from others in the field or from the licensing of the claimed invention

_____ independent invention of the claimed invention by others before or at about the same time as the named inventor thought of it

[_____ other factor(s) indicating obviousness or nonobviousness—describe the factor(s)_____]

*Please answer question 9.*

## FINDINGS ON DAMAGES (IF APPLICABLE)

*If you answered questions 1 or 2, and 3 "Yes" and questions 5, 6, and 7 "No," please answer question 9. If you did not so answer, skip question 9 and sign the verdict form.*

9. What has the University of Pennsylvania proven that it is entitled to as a reasonable royalty:

a) On-going royalty payment of _____% of $_____ in total sales from the date of infringement through June 2012; or

b) One-time payment of $_____ for the life of the patent.

_____

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations. The Presiding Juror should then sign and date the verdict form in the spaces below and notify the Bailiff that you have reached a verdict. The Presiding Juror should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.

Signed: _____   Date: _____

Case No.: 10-cv-02037-LHK
[TENTATIVE] JURY VERDICT FORM