**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GENENTECH, INC.,                        ) | |
|                         ) | |
|          Plaintiff,        ) | |
|                        ) | Case No.: 10-CV-02037-LHK |
|     v.                     ) | |

THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, a Pennsylvania non-profit corporation,

Defendant.

**[TENTATIVE] PRELIMINARY JURY INSTRUCTIONS**

Dated: June 11, 2012

_____

LUCY H. KOH
United States District Judge

# 1.1A DUTY OF JURY

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set throughout the trial to which to refer. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.1A (2007 Edition)

[TENTATIVE] PRELIMINARY JURY INSTRUCTIONS
5:10-cv-02037-LHK

United States District Court
For the Northern District of California

**1.6 WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

       1. the sworn testimony of any witness;

       2. the exhibits which are received into evidence; and

       3. any facts to which the lawyers have agreed.


**Source:** Ninth Circuit Model Civil Jury Instructions - 1.6 (2007 Edition)

[TENTATIVE] PRELIMINARY JURY INSTRUCTIONS
5:10-cv-02037-LHK

## 1.7 WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.7 (2007 Edition)

[TENTATIVE] PRELIMINARY JURY INSTRUCTIONS
5:10-cv-02037-LHK

United States District Court
For the Northern District of California

**1.8 EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.


**Source:** Ninth Circuit Model Civil Jury Instructions - 1.8 (2007 Edition)

United States District Court
For the Northern District of California

[TENTATIVE] PRELIMINARY JURY INSTRUCTIONS
5:10-cv-02037-LHK

**1.9 DIRECT OR CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.9 (2007 Edition)

[TENTATIVE] PRELIMINARY JURY INSTRUCTIONS
5:10-cv-02037-LHK

**United States District Court**
For the Northern District of California

## 1.10 RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.10 (2007 Edition)

[TENTATIVE] PRELIMINARY JURY INSTRUCTIONS
5:10-cv-02037-LHK

# 1.11 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

> (1) the opportunity and ability of the witness to see or hear or know the things testified to;

> (2) the witness's memory;

> (3) the witness's manner while testifying;

> (4) the witness's interest in the outcome of the case and any bias or prejudice;

> (5) whether other evidence contradicted the witness's testimony;

> (6) the reasonableness of the witness's testimony in light of all the evidence; and

> (7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.11 (2007 Edition)

United States District Court
For the Northern District of California

**1.12 CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.
> Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.12 (2007 Edition)

[TENTATIVE] PRELIMINARY JURY INSTRUCTIONS
5:10-cv-02037-LHK

**1.14 TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the jury room. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.14 (2007 Edition)

[TENTATIVE] PRELIMINARY JURY INSTRUCTIONS
5:10-cv-02037-LHK

## 2.4 DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

**Source:** Ninth Circuit Model Civil Jury Instructions – 2.4 (2007 Edition)

[TENTATIVE] PRELIMINARY JURY INSTRUCTIONS
5:10-cv-02037-LHK

United States District Court
For the Northern District of California

## 2.7 FOREIGN LANGUAGE TESTIMONY

Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter. Although some of you may know Japanese, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

**Source:** Ninth Circuit Model Civil Jury Instructions – 2.7 (2007 Edition)

[TENTATIVE] PRELIMINARY JURY INSTRUCTIONS
5:10-cv-02037-LHK

# 1.17 USE OF INTERPRETERS IN COURT

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.


**Source:** Ninth Circuit Model Civil Jury Instructions - 1.17 (2007 Edition)

[TENTATIVE] PRELIMINARY JURY INSTRUCTIONS
5:10-cv-02037-LHK

### 1.18 BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.18 (2007 Edition)

[TENTATIVE] PRELIMINARY JURY INSTRUCTIONS
5:10-cv-02037-LHK

### 1.  WHAT A PATENT IS AND HOW ONE IS OBTAINED

This case involves a dispute relating to a United States patent.  Before summarizing the positions of the parties and the legal issues involved in the dispute, let me take a moment to explain what a patent is and how one is obtained.

Patents are granted by the United States Patent and Trademark Office (sometimes called "the PTO").  The process of obtaining a patent is called patent prosecution.  A valid United States patent gives the patent owner the right to prevent others from making, using, offering to sell, or selling the patented invention within the United States, or from importing it into the United States, during the term of the patent without the patent holder's permission.  A violation of the patent owner's rights is called infringement.  The patent owner may try to enforce a patent against persons believed to be infringers by a lawsuit filed in federal court.

To obtain a patent one must file an application with the PTO.  The PTO is an agency of the federal government and employs trained examiners who review applications for patents.  The application includes what is called a "specification," which must contain a written description of the claimed invention telling what the invention is, how it works, how to make it and how to use it so others skilled in the field will know how to make or use it.  The specification concludes with one or more numbered sentences.  These are the patent "claims."  When the patent is eventually granted by the PTO, the claims define the boundaries of its protection and give notice to the public of those boundaries.

After the applicant files the application, a PTO patent examiner reviews the patent application to determine whether the claims are patentable and whether the specification adequately describes the invention claimed.  In examining a patent application, the patent examiner reviews records available to the PTO for what is referred to as "prior art."  The examiner also will review prior art if it is submitted to the PTO by the applicant.  Prior art is defined by law, and I will give you at a later time specific instructions as to what constitutes prior art.  However, in general, prior art includes things that existed before the claimed invention, that were publicly known, or used in a publicly accessible way in this country, or that were patented or described in a publication in any country.  The examiner considers, among other things, whether each claim defines an invention that is new, useful, and not obvious in view of the prior art.  A patent lists the prior art that the examiner considered; this list is called the "cited references."

After the prior art search and examination of the application, the patent examiner then informs the applicant in writing what the examiner has found and whether any claim is patentable, and thus will be "allowed."  This writing from the patent examiner is called an "office action."  If the examiner rejects the claims, the applicant then responds and sometimes changes the claims or submits new claims.  This process, which takes place only between the examiner and the patent applicant, may go back and forth for some time until the examiner is satisfied that the application and claims meet the requirements for a patent.  The papers generated during this time of communicating back and forth between the patent examiner and the applicant make up what is called the "prosecution history."  All of this material becomes available to the public no later than the date when the patent issues.

The fact that the PTO grants a patent does not necessarily mean that any invention claimed in the patent, in fact, deserves the protection of a patent.  For example, the PTO may not have had available to it all the information that will be presented to you.  A person accused of infringement

15

United States District Court
For the Northern District of California

has the right to argue here in federal court that a claimed invention in the patent is invalid because it does not meet the requirements for a patent.

**Source:** N.D. Cal. Model Instructions, A.1.

[TENTATIVE] PRELIMINARY JURY INSTRUCTIONS
5:10-cv-02037-LHK

United States District Court
For the Northern District of California

## 2.  PATENT AT ISSUE

[The court should show the jury the patent at issue and point out the parts including the specification, drawings and claims including the claims at issue.]

**<u>Source</u>:**

N.D. Cal. Model Instructions, A.2.

[TENTATIVE] PRELIMINARY JURY INSTRUCTIONS
5:10-cv-02037-LHK

United States District Court
For the Northern District of California

### 3.  SUMMARY OF CONTENTIONS

To help you follow the evidence, I will now give you a summary of the positions of the parties.

The parties in this case are Genentech, Inc., which we will refer to as "Genentech" and the Trustee of the University of Pennsylvania, which we will refer to as "the University".  The case involves a United States patent obtained by inventors Mark I. Greene, Jeffrey A. Drebin, and Makoto Katsumata and transferred by those inventors to the University.  The patent involved in this case is United States Patent Number 6,733,752.  For convenience, the parties and I will often refer to this patent as the '752 patent, which are the last three numbers of its patent number.

Genentech filed this lawsuit against the University, seeking a determination that Genentech does not infringe any claim of the '752 patent and that the '752 patent is invalid.  The University answered Genentech's complaint and filed counterclaims in this court seeking money damages from Genentech for allegedly infringing the '752 patent by actively inducing others to practice methods that the University argues are covered by claims 1, 5, 6, 7, 9, 10, 12, 14, 15, 16, 17 of the patent.  The University argues that a particular manner of administering Genentech's drug, Herceptin, which we will sometimes refer to as Trastuzumab, infringes these claims of the '752 patent.

Genentech denies that it has induced others to infringe claims 1, 5, 9, 10, 12, 14, 15, 16 and 17 of the '752 patent and argues that, in addition, all of the asserted claims are invalid.  Invalidity is a defense to infringement.

Your job will be to decide whether claims 1, 5, 9, 10, 12, 14, 15, 16 and 17 of the '752 patent have been infringed and whether those claims are invalid.  If you decide that any claim of the '752 patent has been infringed and is not invalid, you will then need to decide any money damages to be awarded to the University to compensate it for the infringement.  You will also need to make a finding as to whether the infringement was willful.  If you decide that any infringement was willful, that decision should not affect any damage award you give.  I will take willfulness into account later.

You may hear evidence that Genentech has its own patents or that Genentech improved on the '752 patent.  While this evidence is relevant to some issues you will be asked to decide, a party can still infringe even if it has its own patents in the same area.  You will be instructed after trial as to what, if any, relevance these facts have to the particular issues in this case.  Meanwhile, please keep an open mind.

Before you decide whether Genentech has induced others to infringe the claims of the patent or whether the claims are invalid, you will need to understand the patent claims.  As I mentioned, the patent claims are numbered sentences at the end of the patent that describe the boundaries of the patent's protection.  It is my job as judge to explain to you the meaning of any language in the claims that needs interpretation.

I have already determined the meaning of certain terms of the claims of the '752 patent.  You have been given a document reflecting those meanings.  You are to apply my definitions of these terms throughout this case.  However, my interpretation of the language of the claims should not be taken as an indication that I have a view regarding issues such as infringement and invalidity.  Those

issues are yours to decide.  I will provide you with more detailed instructions on the meaning of the claims before you retire to deliberate your verdict.

**<u>Source</u>:**

N.D. Cal. Model Patent Jury Instr. A.3.

## 4.   OVERVIEW OF APPLICABLE LAW

In deciding the issues I just discussed, you will be asked to consider specific legal standards.  I will give you an overview of those standards now and will review them in more detail before the case is submitted to you for your verdict.

The first issue you will be asked to decide is whether Genentech has infringed the claims of the '752 patent. Infringement is assessed on a claim-by-claim basis. Therefore, there may be infringement as to one claim but not infringement as to another. There are a few different ways that a patent may be infringed. I will explain the requirements for each of these types of infringement to you in detail at the conclusion of the case. In general, however, an individual or entity may infringe the '752 patent by making, using, selling, or offering for sale in the United States, or by importing into the United States, a product or by using a method meeting all the requirements of a claim of the '752 patent. Genentech may indirectly infringe the '752 patent by inducing another person or entity to infringe. I will provide you with more detailed instructions on the requirements for each of these types of infringement at the conclusion of the case.

Another issue you will be asked to decide is whether the '752 patent is invalid.  A patent may be invalid for a number of reasons, including because it claims subject matter that is not new or is obvious.  For a claim to be invalid because it is not new, Genentech must show that it is highly probable that all of the elements of a claim are present in a single previous device or method, or sufficiently described in a single previous printed publication or patent, or that the invention was made or used by others first.  We call these "prior art."  If a claim is not new, it is said to be anticipated.

Another way that a claim may be invalid is that it may have been obvious.  Even though every element of a claim is not shown or sufficiently described in a single piece of "prior art," the claim may still be invalid if it would have been obvious to a person of ordinary skill in the field of technology of the patent at the relevant time.  You will need to consider a number of questions in deciding whether the invention(s) claimed in the '752 patent are obvious.  I will provide you detailed instructions on these questions at the conclusion of the case.

A patent may also be invalid if its description in the specification does not meet certain requirements.  To be valid, a patent must meet the "written description" requirement.  In order to meet this written description requirement, the description of the invention in the specification portion of the patent must be detailed enough to demonstrate that the applicant actually possessed the invention as broadly as claimed in the claims of the issued patent.  The disclosure of a patent must also meet the "enablement" requirement.  To meet this requirement, the description in the patent has to be sufficiently full and clear to have allowed persons of ordinary skill in the field of technology of the patent to make and use the invention without undue experimentation, at the time the patent application was originally filed.

If you decide that any claim of the '752 patent has been infringed and is not invalid, you will then need to decide money damages to be awarded to the University to compensate it for the infringement. A damages award should put the University in approximately the same financial position that it would have been in had the infringement not occurred, but in no event may the damages award be less than what the University would have received had it been paid a reasonable royalty. I will instruct you later on the meaning of a reasonable royalty. The damages you award

20

are meant to compensate the University and not to punish Genentech. You may not include in your award any additional amount as a fine or penalty, above what is necessary to compensate the University for the infringement, in order to punish Genentech. I will give you more detailed instructions on the calculation of damages at the conclusion of the case.

**Source:**

Federal Circuit Bar Association Model Patent Jury Instr. A.4 (modified); N.D. Cal. Model Patent Jury Instr. A.4; N.D. Cal. Model Patent Jury Instr. B.3; N.D. Cal. Model Patent Jury Instr. B.4.1.

[TENTATIVE] PRELIMINARY JURY INSTRUCTIONS
5:10-cv-02037-LHK

**United States District Court**
For the Northern District of California

## 5.  OUTLINE OF TRIAL

The trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.

The presentation of evidence will then begin.  Witnesses will take the witness stand and the documents will be offered and admitted into evidence.  There are two standards of proof that you will apply to the evidence, depending on the issue you are deciding.  On some issues, you must decide whether something is more likely true than not.  On other issues you must use a higher standard and decide whether it is highly probable that something is true.

The University will present its evidence on its contention that claims 1, 5, 6, 7, 9, 10, 12, 14, 15, 16, 17 of the '752 patent have been and continue to be infringed by Genentech and that the infringement has been and continues to be willful.  These witnesses will be questioned by the University's counsel in what is called direct examination.  After the direct examination of a witness is completed, the opposing side has an opportunity to cross-examine the witness.  To prove infringement of any claim, the University must persuade you that it is more likely than not that Genentech has infringed that claim.  To persuade you that any infringement was willful, the University must prove that it is highly probable that the infringement was willful.

After the University has presented its witnesses, Genentech will call its witnesses, who will also be examined and cross-examined. Genentech will present its evidence that the claims of the '752 patent are invalid.  To prove invalidity of any claim, Genentech must persuade you that it is highly probable that the claim is invalid.  In addition to presenting its evidence of invalidity, Genentech will put on evidence responding to the University's infringement and willfulness contentions.

The University will then return and will put on evidence responding to Genentech's contention that the claims of the '752 patent are invalid.  The University will also have the option to put on what is referred to as "rebuttal" evidence to any evidence offered by Genentech of non-infringement or lack of willfulness.

Finally, Genentech will have the option to put on "rebuttal" evidence to any evidence offered by the University on the validity of claims of the '752 patent.

Because the evidence is introduced piecemeal, you need to keep an open mind as the evidence comes in and wait for all the evidence before you make any decisions.  In other words, you should keep an open mind throughout the entire trial.

The parties may present the testimony of a witness by playing a videotape of the witness's deposition testimony.  A deposition is the sworn testimony of a witness taken before trial and is entitled to the same consideration as if the witness had testified at trial.

After the evidence has been presented, I will give you final instructions on the law that applies to the case, and the attorneys will make closing arguments
.  Closing arguments are not evidence.  After the instructions and closing arguments, you will then decide the case.

[TENTATIVE] PRELIMINARY JURY INSTRUCTIONS
5:10-cv-02037-LHK

**<u>Source</u>:**

N.D. Cal. Model Instructions, A.5.

[TENTATIVE] PRELIMINARY JURY INSTRUCTIONS
5:10-cv-02037-LHK